IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BENITO DEVAUGHN,

        Plaintiff,

v.                                                                        Case No. 20-4003-JWB

DRUG ENFORCEMENT ADMINISTRATION,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss. (Doc. 9.) The motion is ready for review as Plaintiff has failed to file a response and the time for doing so has now passed. (Doc. 10.) For the reasons stated herein, the motion is GRANTED.

**I. Facts and Procedural History**

Plaintiff Benito DeVaughn, who is proceeding pro se in this matter, filed this action in the District Court of Shawnee County, Kansas. (Doc. 1, Exh. 1.) Defendant United States Drug Enforcement Administration ("DEA") removed the action to this court. (Doc. 1.)

Plaintiff's allegations appear to be that Defendant has wiretapped his phone and obtained the information stored on it. Plaintiff also alleges that Defendant has been hired by Plaintiff's brothers to kill him. Allegedly, Plaintiff's brothers have paid Defendant to kill him because of a life insurance beneficiary provision. Plaintiff alleges that there have been three attempts on his life. However, Plaintiff offers no facts as to these attempts. Plaintiff seeks a hearing and does not specifically ask for monetary damages.

Defendant moves to dismiss on the basis that this court lacks subject matter jurisdiction. Alternatively, Defendant moves for dismissal on the basis that Plaintiff has failed to state a claim.

**II. Motion to Dismiss Standards**

Because federal courts are courts of limited jurisdiction, a presumption exists against jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Motions to dismiss for lack of subject matter jurisdiction generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *City of Albuquerque v. U.S. Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (internal citations omitted).

Plaintiff has failed to respond to Defendant's motion. Under Local Rule 7.4, the court will ordinarily consider the motion as uncontested and it will be granted. Additionally, as the motion challenges this court's jurisdiction and the burden to establish jurisdiction falls on Plaintiff, the motion can be granted on the basis that Plaintiff failed to meet his burden. The court further finds that the motion to dismiss can be granted on the merits for the reasons stated herein.

**III.   Analysis**

Defendant makes several arguments that warrant dismissal for lack of subject matter jurisdiction. First, Defendant asserts that Plaintiff has failed to identify a statute that authorizes this action. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Any waiver of "sovereign immunity must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Plaintiff's complaint fails to identify a statutory waiver of sovereign immunity that is

applicable to his claims. Therefore, the complaint is subject to dismissal as Plaintiff has the burden to establish jurisdiction.

Liberally construing the complaint, Plaintiff has alleged claims of intentional torts and violations of his rights under the Fourth and Fifth Amendments of the Constitution. With respect to any alleged intentional torts, the Federal Torts Claims Act ("FTCA") "provides the exclusive remedy for tort actions against the federal government, its agencies, and employees." *Davenport v. U.S. Dep't of Treasury*, No. 14-2527, 2015 WL 1346847, at *1 (D. Kan. Mar. 25, 2015). The court first notes that Plaintiff has filed suit against the DEA. "When plaintiff asserts tort claims against an agency, and not the United States, the court lacks subject matter jurisdiction to hear [his] tort claims." *Id.* "[F]ailure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction." *Id.* (citation omitted).

Even if Plaintiff had named the United States as a defendant, the court lacks jurisdiction to hear claims under the FTCA as Plaintiff has failed to exhaust his claims. Under the FTCA, Plaintiff must first present his claims to the agency before filing suit. *Hudson v. Cahill*, No. 15-CV-2319-JAR, 2015 WL 6738714, at *2 (D. Kan. Nov. 4, 2015) (citing 28 U.S.C. § 2675). Plaintiff has failed to allege that his claims were presented to DEA prior to filing this action. Therefore, to the extent that Plaintiff has alleged claims of intentional torts those claims must be dismissed for lack of subject matter jurisdiction. *Id.* ("a federal court does not have subject matter jurisdiction over a claim if the plaintiff has not first exhausted his administrative remedies."); *see also D'Addabbo v. United States*, 316 F. App'x 722, 725 (10th Cir. 2008).

To the extent Plaintiff is asserting claims under *Bivens* for a violation of his constitutional rights, these claims are also barred by sovereign immunity. *Id.* at 3 (citing *Greenlee v. U.S. Postal Serv.*, No. 05–2509 JWL, 2006 WL 2460645, at *1 (D. Kan. Aug. 23, 2006)); *F.D.I.C. v. Meyer*,

3

510 U.S. 471, 484–85 (1994) (holding that *Bivens* claim may not be brought against a federal agency); *Williams v. United States*, 54 F. App'x 290, 291 (10th Cir. 2002).

**IV. Conclusion**

Defendant's motion to dismiss is GRANTED. (Doc. 9.) Plaintiff's complaint is dismissed, without prejudice.

IT IS SO ORDERED this 10th day of April, 2020.

                                                     \_\_\_\_s/ John W. Broomes_____
                                                     JOHN W. BROOMES
                                                     UNITED STATES DISTRICT JUDGE